# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER |
|---|---|
| Plaintiff(s) | ED CR CR13-0080 |
| v. | |
| PABLO MENDOZA | **WARRANT FOR ARREST** |
| Defendant(s) | **UNDER SEAL** |

TO:   UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest   **PABLO MENDOZA**

and bring him/her forthwith to the nearest Magistrate Judge to answer a(n):   ☐Complaint ■Indictment   ☐Information   ☐Order of Court   ☐Probation Violation Petition   ☐Violation Notice

charging him/her with: (ENTER DESCRIPTION OF OFFENSE BELOW)

**Conspiracy to Distribute, and Possess with Intent to Distribute, Cocaine and Methamphetamine;**
**Distribution, and Possession with Intent to Distribute, Cocaine and Methamphetamine;**
**Aiding and Abetting**

in violation of Title **21:18:** United States Code,
Section(s) **846:841(a)(1), 841 (b)(1)(B)(ii), 841(b)(1)(A)(viii):2(a):**

| Terry Nafisi | August 2, 2013       LOS ANGELES, CALIFORNIA |
|---|---|
| NAME OF ISSUING OFFICER | DATE AND LOCATION OF ISSUANCE |
| Clerk of Court | |
| TITLE OF ISSUING OFFICER | BY: **ALICIA G. ROSENBERG** |
| EDUARDO RAMIREZ | NAME OF JUDICIAL OFFICER |
| SIGNATURE OF DEPUTY CLERK | |

**RETURN**

THIS WARRANT WAS RECEIVED AND EXECUTED WITH THE ARREST OF THE ABOVE-NAMED DEFENDANT AT (LOCATION):

| DATE RECEIVED | NAME OF ARRESTING OFFICER |
|---|---|
| DATE OF ARREST | TITLE |
| DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO | SIGNATURE OF ARRESTING OFFICER |

**WARRANT FOR ARREST**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER: |
|---|---|---|
| | Plaintiff(s) | ED CR CR13-0080 |
| v. | | |
| PABLO MENDOZA | | **WARRANT FOR ARREST** |
| | Defendant(s) | **UNDER SEAL** |

## ADDITIONAL DEFENDANT INFORMATION

| RACE: | SEX: | HEIGHT: | WEIGHT: | HAIR: | EYES: | OTHER: |
|---|---|---|---|---|---|---|
| DATE OF BIRTH: 4-2-1970 | | PLACE OF BIRTH: | | SOCIAL SECURITY NO. 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 | | DRIVER'S LICENSE NO. | ISSUING STATE |
| ALIASES: | | SCARS, TATTOOS OR OTHER DISTINGUISHING MARKS: | | | | |
| AUTO YEAR: | AUTO MAKE: | AUTO MODEL: | | AUTO COLOR: | | AUTO LICENSE NO. | ISSUING STATE |
| LAST KNOWN RESIDENCE: | | | | LAST KNOWN EMPLOYMENT: | | |

FBI NUMBER:

ADDITIONAL INFORMATION:

| INVESTIGATIVE AGENCY NAME: | INVESTIGATIVE AGENCY ADDRESS: |
|---|---|
| **DEA** | |

NOTES:

**WARRANT FOR ARREST**

CR-12 (07/04)        PAGE TWO

FILED

2013 AUG -2 PM 4:30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2013 Grand Jury   CR13-0080

| UNITED STATES OF AMERICA, | ED CR No. _____ |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute, and Possess with Intent to Distribute, Cocaine and Methamphetamine; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(A)(viii): Distribution, and Possession with Intent to Distribute, Cocaine and Methamphetamine; 18 U.S.C. § 2: Aiding and Abetting] |
| PABLO MENDOZA, MARIO RAUL MEDINA, ARMANDO CRUZ-GONZALEZ, ALVARO VALENCIA, and FRANCISCO LARIOS SOTO, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A. OBJECTS OF THE CONSPIRACY

Beginning on an unknown date, and continuing to in or about November 2011, in San Bernardino County, within the Central District of California, and elsewhere, defendants PABLO MENDOZA ("MENDOZA"), MARIO RAUL MEDINA ("MEDINA"), ALVARO VALENCIA ("VALENCIA"), and FRANCISCO LARIOS SOTO ("SOTO"), and others known and unknown to the

AGENT

Grand Jury, conspired and agreed with each other to knowingly and intentionally (a) distribute, and (b) possess with intent to distribute, at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

B. <u>MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED</u>

The objects of the conspiracy were to be accomplished in substance as follows:

1. Defendant MENDOZA would broker the sale of cocaine to drug customers and would broker the installation of hidden compartments in those customers' vehicles to facilitate the transport of cocaine.

2. Defendant MEDINA would assist defendant MENDOZA in selling cocaine to customers and in arranging for the installation of hidden compartments in vehicles to facilitate the transport of cocaine.

3. Defendants VALENCIA and SOTO would transport and deliver cocaine to defendant MENDOZA's customers.

C. <u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendants MENDOZA, MEDINA, VALENCIA, and SOTO, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including but not limited to the following:

1. On May 20, 2011, using coded language in a telephone conversation, defendant MENDOZA discussed the installation of a hidden vehicle compartment, which would be used to conceal

2

narcotics, with a person who, unbeknownst to defendant MENDOZA at the time, was an informant working on behalf of law enforcement ("CI").

2. On May 24, 2011, using coded language in a telephone conversation, defendant MENDOZA told the CI that he had two mechanics available who would be able to install a hidden vehicle compartment for the CI.

3. On June 20, 2011, at a meeting at an auto repair shop known as Medina's Auto Body Shop in Ontario, California ("Medina's Auto Body"), defendant MENDOZA agreed to install a hidden compartment in a Jeep Cherokee (the "Jeep") that the CI brought to defendant MENDOZA, and defendant MENDOZA asked the CI if the CI was available to participate in narcotics transactions with several of defendant MENDOZA's cocaine suppliers.

4. On August 10, 2011, at Medina's Auto Body, defendant MENDOZA took possession of the Jeep from the CI for the purpose of installing a hidden compartment, and defendant MENDOZA told the CI that defendant MENDOZA was paying suppliers over $20,000 for each kilogram of cocaine defendant MENDOZA purchased.

5. On August 25, 2011, at Medina's Auto Body, defendant MENDOZA returned the Jeep, which had a newly installed hidden compartment, to the CI and showed the CI how to operate the hidden compartment.

6. On September 28, 2011, using coded language in a telephone conversation, defendant MENDOZA offered to sell a kilogram of cocaine to the CI.

7. On September 28, 2011, at Medina's Auto Body, defendant MENDOZA contacted a cocaine supplier and ordered a kilogram of cocaine for the CI.

8. On September 28, 2011, at Medina's Auto Body, defendants VALENCIA and SOTO delivered approximately 969.3 grams of cocaine to the CI, which defendant MENDOZA then loaded into the hidden compartment of the Jeep, and in exchange for which the CI paid defendant MEDINA $21,000 in cash.

9. On September 28, 2011, at Medina's Auto Body, defendant MENDOZA agreed to install a hidden compartment in a Ford F-150 truck (the "F-150") that the CI brought to defendant MENDOZA.

10. On October 24, 2011, at Medina's Auto Body, defendant VALENCIA told the CI that the cocaine defendants VALENCIA and SOTO had delivered on September 28, 2011 was approximately 80 grams short of the amount the CI had ordered, and defendant SOTO told the CI how much the cocaine weighed after defendant SOTO had repackaged it for sale to the CI.

11. On October 24, 2011, at Medina's Auto Body, defendant MENDOZA returned the F-150, which had a newly installed hidden compartment, to the CI and showed the CI how to operate the hidden compartment.

12. On November 18, 2011, at Medina's Auto Body, defendant MEDINA offered to contact a drug supplier who could supply the CI with kilogram-quantities of cocaine.

13. On November 18, 2011, at Medina's Auto Body, defendant MEDINA agreed to install another hidden compartment in the Jeep for the CI.

4

14. On November 21, 2011, at a residence located in Ontario, California, defendant MEDINA returned the Jeep, which had a newly installed hidden compartment, to the CI and showed the CI how to operate the hidden compartment.

15. On November 21, 2011, at Medina's Auto Body, defendant MENDOZA asked the CI to help defendant MENDOZA store a large quantity of drugs that defendant MENDOZA was about to receive.

## COUNT TWO

[21 U.S.C. § 846]

A. OBJECTS OF THE CONSPIRACY

Beginning on an unknown date, and continuing to on or about January 31, 2012, in San Bernardino County, within the Central District of California, and elsewhere, defendants PABLO MENDOZA ("MENDOZA") and ARMANDO CRUZ-GONZALEZ ("CRUZ"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally (a) distribute, and (b) possess with intent to distribute, at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

B. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1. Defendant MENDOZA would broker the sale of methamphetamine to drug customers.

2. Defendant CRUZ would supply methamphetamine to defendant MENDOZA for sale to defendant MENDOZA's customers.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendants MENDOZA and CRUZ, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including but not limited to the following:

1. On January 17, 2012, defendant MENDOZA, using coded language in a telephone conversation, asked a person who, unbeknownst to defendant MENDOZA at the time, was an informant working for the government ("CI"), whether the CI would be able to sell 10 pounds of methamphetamine on behalf of one of defendant MENDOZA's suppliers.

2. On January 30, 2012, defendant MENDOZA, using coded language in a telephone conversation, offered to sell four pounds of methamphetamine to the CI.

3. On January 31, 2012, defendant MENDOZA met the CI at an auto repair shop known as Medina's Auto Body Shop in Ontario, California, and instructed the CI to drive with defendant MENDOZA to meet defendant MENDOZA's drug supplier at a nearby restaurant in Ontario (the "restaurant").

4. On January 31, 2012, at the restaurant, defendant CRUZ delivered approximately 863 grams of methamphetamine to the CI and offered to sell more methamphetamine to the CI.

## COUNT THREE

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii); 18 U.S.C. § 2(a)]

On or about September 28, 2011, in San Bernardino County, within the Central District of California, defendants PABLO MENDOZA, MARIO RAUL MEDINA, ALVARO VALENCIA, and FRANCISCO LARIOS SOTO, each intentionally aiding and abetting the other, knowingly and intentionally distributed at least 500 grams, that is, approximately 969.3 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

## COUNT FOUR

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii); 18 U.S.C. § 2(a)]

On or about January 31, 2012, in San Bernardino County, within the Central District of California, defendants PABLO MENDOZA and ARMANDO CRUZ-GONZALEZ, each intentionally aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 863.9 grams, of methamphetamine, a Schedule II controlled substance.

TRUE BILL

/S/
_____
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RODRIGO A. CASTRO-SILVA
Assistant United States Attorney
Chief, OCDETF Section

KEVIN S. ROSENBERG
Assistant United States Attorney
Deputy Chief, OCDETF Section

CHRISTOPHER K. PELHAM
Assistant United States Attorney
OCDETF Section

9